```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

```
Peach Reo, LLC,                    )
                                   )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )         No. 12-2752
                                   )
Richard K. Rice, Malcolm Kyle      )
Rice, and Thomas F. Schaffler,     )
                                   )
                                   )
     Defendants.                   )
                                   )
                                   )
```

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff Peach Reo, LLC's ("Peach") September 26, 2013 Motion for Summary Judgment (the "Motion"). (Mot., ECF No. 54.) Defendants Richard K. Rice ("Richard Rice"), Thomas F. Schaffler ("Schaffler"), and Malcolm Kyle Rice ("Malcolm Rice") (collectively, the "Defendants"), filed individual responses on November 7, 2013. (ECF No. 64; ECF No. 65; ECF No. 66.) Peach replied on November 21, 2013. (ECF No. 69.) For the following reasons, the Motion is GRANTED.

**I. Background**

In 2005, Vanguard Bank & Trust Co. ("Vanguard") made two loans (the "Loan" or "Loans") to Premier of Fort Walton Beach, LLC ("Premier"). (Plaint. Stat. of Undisp. Facts, ECF No. 56 ¶¶

1, 2.) The first Loan, dated January 14, 2005, was in the original principal amount of $6,581,250. (Id. ¶ 1.) The second Loan, dated March 24, 2005, was in the original principal amount of $523,179.00. (Id. ¶ 2.) Vanguard merged into Coastal Bank and Trust of Florida, which merged into SYNOVUS Bank. (Id. ¶ 6.) On June 29, 2011, SYNOVUS Bank assigned the Loans and related Loan documents to Peach Loanco Grantor Trust I (the "Trust"). (Id.) On August 9, 2012, the Trust assigned the Loans and related Loan documents to Peach. (Id. ¶ 7.)

Peach states that each of the Defendants guaranteed the Loans. (Id. ¶¶ 3-5.) Schaffler admits guaranteeing the Loans. (ECF No 65-1 ¶ 5.) Malcolm Rice admits signing documents to guarantee the Loans on January 14, 2009, and July 14, 2009, but challenges their validity for lack of consideration. (ECF No. 67 ¶ 4; ECF No. 66 at 6.) Richard Rice takes the same position, admitting executing a guaranty for the Loans on July 14, 2009, but disputing its validity for lack of consideration. (ECF No. 64-1 ¶ 3; ECF No. 64 at 15.) The Loans were renewed on January 14, 2009, and again on July 14, 2009. (Compl. Ex. E, ECF No. 1-9; Ex. F, ECF No. 1-10). Premier defaulted on the Loans, and the Defendants have not honored their guaranties. (Plaint. Stat. of Undisp. Facts, ECF No. 56 ¶¶ 8-11.)

The Loans were secured by real property located in Florida. (Fla. Ct. Order, ECF No. 57-2 ¶ 5.) On January 3, 2013, the

2

Circuit Court of the First Judicial District in and for Okaloosa County, Florida, entered a Summary Final Judgment of Reformation and Foreclosure against Premier, Richard Rice, Malcolm Rice, and Schaffler, finding that the amount due and owing to Peach under the Loans totaled $10,932,839.06 as of January 3, 2013.  (Id. ¶ 13.)  On or about July 17, 2013, Peach conducted a judicial foreclosure sale of its real property collateral.  (Plaint. Stat. of Undisp. Facts, ECF No. 56 ¶ 13.)  Peach was the successful bidder at the foreclosure sale, offering a bid of $500,100.  (Id. ¶ 14.)  The parties agree that the fair market value ("FMV") of the property was $2,050,000.00.  (ECF 64-2 ¶ 4; ECF No. 69 at 6.)  With interest accruing at the per diem rate of $1,442.53, the total amount of the disputed obligations on September 25, 2013, was $11,357,134.48.  (ECF No. 55 at 2; ECF No. 69 at 6 n.5.)  Crediting $2,050,000 to the Defendants to account for the FMV of the foreclosed property, Peach seeks a judgment of $9,307,134.48 against them.  (ECF No. 69 at 6 n.5.)  Peach has waived its right to seek additional interest and costs.  (See Id.)

   **II.  Jurisdiction and Choice of Law**

This Court has diversity jurisdiction under 28 U.S.C § 1332.  District courts have "jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

3

citizens of different states." 28 U.S.C § 1332(a)(1). Peach is a Delaware limited liability company with its principal place of business in Massachusetts. (Compl., ECF No. 1 ¶ 1.) No member of Peach is a citizen or resident of Tennessee. (Id.) Richard Rice, Malcolm Rice, and Schaffler are citizens of Tennessee. (Id. ¶¶ 2-4.) Peach seeks $9,307,134.48 in damages. (ECF No. 69 at 6.) The parties are completely diverse, and the amount-in-controversy requirement is satisfied.

In a diversity action, state substantive law governs. See Brocklehurst v. PPG Indus., Inc., 123 F.3d 890, 894 (6th Cir. 1997) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). A federal district court is required to apply the choice-of-law rules of the state in which it sits. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941).

Tennessee follows the rule of lex loci contractus, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent. Starnes Family Office, LLC v. McCullar, 765 F.Supp.2d 1036, 1045 (W.D. Tenn. 2011) (citing Vantage Tech., LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999). If a contract between the parties provides that the law of another jurisdiction governs, that provision will be honored if 1) it was executed in good faith, 2) the jurisdiction bears a material connection to the transaction, 3) the basis for the choice of

4

law is reasonable, and 4) the chosen jurisdiction's law is not contrary to a fundamental public policy of a state that has a materially greater interest in the dispute and whose law would otherwise apply.  Id. (citing Restatement (Second) of Conflict of Law § 187(2) (1971)).

Each guaranty states that it "shall be governed by the laws of the State where the lender is located."  (ECF No. 56-3, ECF No. 56-4, and ECF No. 56-5 ¶ 13.)  Each guaranty provides that the lender is Coastal Bank and Trust of Florida, 125 West Romana Street, Suite 400, Pensacola, FL 32502.  (Id.)  The choice of Florida law is reasonable and bears a material connection to the transactions.  There is no indication of bad faith.  Florida law is not contrary to a fundamental public policy of Tennessee, the other jurisdiction whose law could apply.  Florida law applies.

**III.   Standard of Review**

Under Federal Rule of Civil Procedure 56, the court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party can meet this burden by pointing out to the court that the non-moving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of its case.  See Fed. R. Civ. P. 56(c)(1);

5

Asbury v. Teodosio, 412 F. Appx. 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly supported motion for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Wasek v. Arrow Energy Servs., 682 F.3d 463, 467 (6th Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The non-moving party must "'do more than simply show that there is some metaphysical doubt as to the material facts.'" Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 735 (6th Cir. 2012) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 Fed. Appx. 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the non-moving party "must adduce concrete evidence on which a reasonable juror could return a verdict in [its] favor." Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000) (citations omitted); see Fed. R. Civ. P. 56(c)(1). The court does not have the duty to search the record for such evidence. See Fed. R. Civ. P. 56(c)(3); InteRoyal Corp. v. Sponseller, 889 F.2d 108,

6

111 (6th Cir. 1989). The non-moving party has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in its favor. See Fed. R. Civ. P. 56(c)(1); InteRoyal Corp., 889 F.2d at 111.

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

**IV.  Analysis**

Peach argues that there is no genuine dispute that the Defendants personally guaranteed the Loans and defaulted. Richard and Malcolm Rice argue that their guaranties lack consideration and are unenforceable because they were executed years after the Loans were initially made. Even if the guaranties are enforceable, the Defendants argue that there is a genuine dispute about the amount of damages because Peach failed to mitigate its damages.

There is no merit to the argument that the guaranties lacked consideration. Under Florida law, the burden of proving a lack-of-consideration defense is on the party raising the defense. Lennar Homes, Inc. v. Dorta-Duque, 972 So.2d 872, 880

7

(Fla. Dist. Ct. App. 2007).  The party raising the defense must establish the "total lack of any consideration."  <u>Freitag v. Lakes of Carriage Hills, Inc.</u>, 467 So.2d 708, 710 n.2 (Fla. Dist. Ct. App. 1985).  Here, each guaranty states that it is made "for good and valuable consideration," and the Loans were renewed on the days the Rices signed their guaranties.  (ECF No. 56-3, ECF No. 56-4, and ECF No. 56-5 at 2.)  The guaranties are enforceable, and the Defendants are liable on them.

The Defendants have waived their mitigation-of-damages defense, eliminating any need for a jury to determine the amount of damages.  Under Florida law, the "doctrine of avoidable consequences" prevents an injured party "from recovering those damages inflicted by a wrongdoer that the injured party <u>could</u> have reasonably avoided."  <u>System Components Corp. v. Florida Dept. of Transp.</u>, 14 So.3d 967, 982 (Fla. 2009) (emphasis in original).  Parties may contract around the doctrine.  Florida policy "favors the enforcement of contracts as a general proposition."  <u>Loewe v. Seagate Homes, Inc.</u>, 987 So.2d 758, 760 (Fla. Dist. Ct. App. 2008).  No court has held that Florida public policy prohibits enforcement of a contractual waiver of the doctrine of avoidable consequences, and at least one Florida court has suggested the opposite.  See <u>Associated Housing Corp. v. Keller Bldg. Products of Jacksonville, Inc.</u>, 335 So.2d 362, 364 (Fla. App. 1976) ("There is no indication that defendant

8

waived the doctrine [of avoidable consequences] by word or deed.")

Each guaranty states that "[t]he liability of the Undersigned shall not be affected or impaired by . . . any delay or lack of diligence in the enforcement of Indebtedness, or any failure to institute proceedings." (ECF No. 56-3, ECF No. 56-4, and ECF No. 56-5 ¶ 6.) That waiver is enforceable, eliminating the need for a jury to determine whether any delay in bringing this action unreasonably increased the Defendants' liability.

**V.   Conclusion**

There is no genuine dispute about the material facts. The guaranties are enforceable in accordance with their terms. The damages Peach seeks are based on the contracted principal of the Loans plus interest accrued as of September 25, 2013, minus the FMV of the foreclosed collateral. Peach has waived its right to seek additional interest and costs. For the foregoing reasons, the Motion for Summary Judgment is GRANTED, and the Defendants are ORDERED to pay Peach damages of $9,307,134.48.

So ordered this <u>13th</u> day of March, 2014.

s/ Samuel H. Mays, Jr.<br>
SAMUEL H. MAYS, JR.<br>
UNITED STATES DISTRICT JUDGE

9